By the Court. Vanderpoel, J.
The justice was right in refusing to render judgment of discontinuance in this case. Before he is authorized to do so, he must be satisfied that he is a material witness, and that without his testimony, the defendant cannot safely proceed to trial. (Laws of 1838, p. 232, § 1.)
We do not mean to say that we would not interfere, if a case were presented, where the affidavit clearly showed the justice to be an indispensable witness. We do not think the justice would be justified in opposing his own opinion as to his materiality to facts and circumstances in the affidavit, clearly showing him to *518 be material. But we have no hesitation in saying, that the'affidavit or statement here offered, did not show the justice to be a material witness. If the cause had before been tried before the same magistrate, and was finally submitted to him, these facts could be easily proved without the oath of the justice. His minutes and the clerk of the court could show the trial and judgment, and all those present at the trial could have established the fact of its final submission to him, on the merits. The legislature could not have intended that too great facilities should be given to defendants to procure the discontinuance of actions against them, on the ground of the materiality of justices as witnesses. The affidavit tendered must clearly and indubitably, by the facts it states, and not as mere matter of opinion, show the justice to be an indispensable witness for the defendant.
As the affidavit, if sworn to, would have been insufficient, the justice did not commit a fatal error by refusing to administer the oath to the defendant. The judgment must be affirmed.